**UNITED STATES of America, Appellee**

v.

**Steven M. DYKE, Appellant.**

**No. 06–4549.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 25, 2007.

Filed: Oct. 31, 2007.

---

Theodore B. Smith, III, Office of United States Attorney, Harrisburg, PA, for Appellee.

Ronald A. Krauss, Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: SLOVITER, CHAGARES and HARDIMAN, Circuit Judges.

OPINION OF THE COURT

HARDIMAN, Circuit Judge.

After pleading guilty to possession of child pornography, Appellant Steven M. Dyke was sentenced at the bottom end of the applicable Guidelines range. He appeals the sentence, arguing that certain comments made during sentencing demonstrate that the District Court treated the Guidelines as mandatory.

I.

Because we write for the parties, we recount only those facts necessary to our disposition of the appeal. On April 29, 2004, after an investigation revealed that Dyke posted images of child pornography on an Internet site, federal agents executed a search warrant on Dyke's residence and discovered images and video of child pornography on his computer and on a CD–ROM diskette. On June 21, 2006, Dyke pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

The presentence investigation report (PSR) calculated Dyke's total offense level as 29 with a criminal history category of I, resulting in a Guidelines range of 87 to 108 months.[1] Dyke did not object to the PSR's Guidelines calculation, but did request a downward variance in light of his acceptance of responsibility, remorse, promise to undergo counseling, and twenty years of military service.

At the sentencing hearing, the District Court stated:

I don't have to tell you these are tough cases. It's hard for somebody other than a social scientist or perhaps a Congressman to know what the long-term effects of this conduct is. Somebody else has made a determination that the conduct is so serious and has such implications to our society that a Guideline range that seems vastly disproportionate to the simple act of operating a computer is appropriate.

I have to accept that and start from the place of finding that a Guideline range of 87 to 108 months is appropriate. I agree with [the prosecutor] that given Mr. Dyke's history, his work history, his contributions to his country certainly warrant some consideration.

I think a sentence at the bottom of the Guideline range given everything about his history is appropriate. There's a sense that I have that even an 87–month sentence is probably in excess of what is needed to punish and deter him, but at the same time I think it's clear that Congress has spoken to the very serious nature of the conduct.

We're not just talking about downloading images and enjoying them on one's own, but publishing them. It's

---

1. Dyke's base offense level was 17, which was increased by two levels because some of the images involved prepubescent children, two levels because he distributed images of child pornography by posting them on Internet groups, four levels because some of the images portrayed sadistic or masochistic conduct, two levels because a computer was used, and five levels because the offense involved more than 600 images. The resulting adjusted offense level of 32 was then lowered by three levels to account for Dyke's acceptance of responsibility and cooperation with authorities.

rare for the Court to see an offense involving the publication. And I think that has very serious long range effects to our society and to the children that these statutes are designed to protect.

So balancing all of the interests in 3553(a), I do think that a Guideline range sentence is appropriate in this case, given the conduct before the Court, and, as I said, given this defendant's personal history, I think a minimum Guideline range sentence is appropriate.

The court then sentenced Dyke to 87 months.

## II.

We have jurisdiction to review the sentencing decisions of district courts under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The Supreme Court held in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that district courts are to treat the Sentencing Guidelines as advisory rather than mandatory. *Id.* at 259, 125 S.Ct. 738. Courts are, however, required to "take [the Guidelines] into account when sentencing." *Id.* at 264, 125 S.Ct. 738. In *United States v. Cooper*, 437 F.3d 324 (3d Cir.2006), we held that district courts, in order to comply with *Booker*, must give "meaningful consideration to the [18 U.S.C.] § 3553(a) factors." *Id.* at 329. District courts need not, however, "routinely state by rote ... that they know the sentencing guidelines are now advisory," as long as the record demonstrates that they have considered the § 3553(a) factors. *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir.2006). As we have previously stated, "we will not elevate form over substance." *Id.* at 506.

Dyke argues that the District Court concluded that a below-Guidelines sentence was appropriate after consideration of the § 3553(a) factors, but sentenced him within the Guidelines because it believed that the Guidelines were mandatory. Dyke rests his argument on two statements: (1) "Somebody else has made a determination ... that a Guideline range that seems vastly disproportionate to the simple act of operating a computer is appropriate"; and (2) "There's a sense that I have that even an 87–month sentence is probably in excess of what is needed to punish and deter him."

■ We do not agree with Dyke's reading of these statements, however. *See United States v. Lloyd*, 469 F.3d 319, 322 (3d Cir.2006) ("[Appellant]'s select extraction from the district court's remarks does not reflect fairly on what the court said. Rather, read as a whole and in context, these statements take on a different meaning."). Instead, we read the District Court's statements as part of the required balancing of § 3553(a) factors. *See id.* at 323–24 (district court's treatment of Guidelines as "natural starting point" is consistent with "meaningful consideration" of § 3553(a) factors). Here, in addition to the excerpts Dyke notes, the District Court expressly considered Dyke's personal history, including his military service, and imposed a Guidelines sentence not because one was mandatory, but because it believed one was appropriate upon weighing other § 3553(a) factors. The District Court expressly considered the nature and circumstances of the offense ("[w]e're not just talking about downloading images and enjoying them on one's own, but publishing them") and the seriousness of the crime ("I think [publication of child pornography] has very serious long-range effects to our society and to the children that these statutes are designed to protect"). Finally, the District Court stated: "Balancing all of the interests in 3553(a), I do think that a Guideline range sentence is appropriate in this case." Although it would have been more comprehensive for the District Court to analyze each pertinent § 3553(a) factor

individually, the foregoing statements demonstrate that the District Court exercised its discretion under § 3553(a) to fashion an appropriate sentence without treating the Guidelines as mandatory.

█ Dyke also argues that the District Court's statements violate the "parsimony provision" of § 3553(a), which states: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2). 18 U.S.C. § 3553(a). But "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2)." *Dragon*, 471 F.3d at 506. In the case at bar, although the District Court stated that a Guidelines sentence might have been "in excess of what is needed to punish and deter him," just punishment and specific deterrence are only two of the several factors set forth in § 3553(a)(2). Sentences also must "reflect the seriousness of the offense, [ ] promote respect for the law, and ... afford adequate deterrence to criminal conduct." *See* 18 U.S.C. § 3553(a)(2)(A) & (B). The District Court expressly considered the seriousness of the offense and the message to be sent to potential offenders by a within-Guidelines sentence, and concluded that these considerations warranted such a sentence. We find nothing unreasonable about this conclusion.

For the foregoing reasons, we will affirm the judgment of the District Court.